**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Karen A. Moore**, OSB 0409225, WSB 42476
E-Mail: kmoore@wageclaim.org

**SCHUCK LAW, LLC**
Attorneys at Law
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763
    Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **MARCUS LEWIS**, an individual,<br><br>                        **Plaintiff**,<br><br>   v.<br><br>**TOEZPECUNIA, INC.,** Oregon corporation, doing business as Sweet Illusions,<br><br>                        **Defendant**. | Case No.    **6:17-cv-00698**<br><br>**COMPLAINT (Wage Claim)**<br><br>Unpaid Wages Action (ORS 652.140, 652.150, 653.055, 653.261, and 29 U.S.C. § 201 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

      Plaintiff, Marcus Lewis, by and through the attorneys at Schuck Law, LLC, brings this complaint against Defendant Toezpecunia, Inc. Plaintiff alleges the following upon information and belief, or Plaintiff's personal knowledge:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 6 of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b).

Page 1 - Complaint

2. The Court has jurisdiction over Plaintiff's Oregon State law claims set for in this Complaint pursuant to 28 U.S.C. § 1367(a). Both the Federal and State claims alleged herein arose from a common nucleus of operative facts. The Oregon State claims are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3. The employment practices alleged herein were committed in the District of Oregon.

4. Plaintiff worked for Defendant in Oregon State.

## PARTIES

5. Defendant is an Oregon corporation.

6. Defendant is doing business under the assumed business name of Sweet Illusions.

7. Plaintiff is an individual who resides in and is a citizen in Oregon State.

8. Defendant employed Plaintiff in Oregon State.

9. Defendant is subject to the FLSA.

10. Defendant is subject to Oregon State wage and hour laws.

11. Plaintiff began working for Defendant in August 2015.

12. Defendant employed Plaintiff as an at-will employee.

13. Defendant did not contract with Plaintiff to work for any specific period of time.

14. As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

15. During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

16. Defendant's work weeks were Sunday through Saturday.

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

17. Defendant's pay periods were on or about the 1st of each month.

18. Defendant agreed to pay Plaintiff at the hourly rate of $10.25.

19. Plaintiff used Defendant's point-of-sale system to record his work time.

20. Defendant's point-of-sale system provided a printout when Plaintiff clocked out, showing the date, time, employee, hours, and period hours.

21. The "Period Hours" on the point-of-sale system printout showed the total hours for that work week.

22. During the work week that included March 14, 2016, Plaintiff worked approximately 45.53 hours.

23. For pay period ending on or about March 31, 2016, which included March 14, 2016, Defendant did not pay Plaintiff any overtime wages.

24. During the work week that included June 20, 2016, Plaintiff worked approximately 47.44 hours.

25. For pay period ending on or about June 30, 2016, which included June 20, 2016, Defendant did not pay Plaintiff any overtime wages.

26. For pay period ending on or about September 30, 2016, Plaintiff worked not less than 118.11 hours.

27. For pay period ending on or about September 30, 2016, Defendant paid Plaintiff for only 101.0 hours of work time.

28. For pay period ending on or about December 31, 2016, Plaintiff worked not less than 124.90 hours.

29. For pay period ending on or about December 31, 2016, Defendant paid Plaintiff for only

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

92.0 hours of work time.

30. For pay periods ending on or about September 30 and December 31, 2016, Defendant did not pay Plaintiff for approximately 50.01 hours of work time as regular wages.

31. During Plaintiff's employment, Defendant did not pay Plaintiff for all regular hours and overtime hours worked as recorded in Defendant's point-of-sale system.

32. Defendant discharged Plaintiff ending the employment relationship.

33. Defendant ended the employment relationship with Plaintiff on or about March 22, 2017.

34. Defendant issued to Plaintiff a check dated March 22, 2017 for 70 hours.

35. On or about April 25, 2017, Plaintiff, and his attorney, mailed a detailed written demand to Defendant to pay all of Plaintiff's wages.

## CLAIM FOR RELIEF

(FLSA Overtime, Liquidated Damages)

36. Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

37. Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

38. During the two year period of employment before filing of this case, Defendant allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for the benefit of Defendant.

39. Defendant was required to pay Plaintiff 1 ½ times the regular hourly rate for the hours Plaintiff worked in excess of 40 hours in a single workweek as required by the FLSA.

40. For pay periods ending on or about March 31 and June 30, 2016, Defendant failed to pay Plaintiff for overtime wages and premium wages to Plaintiff as required by the FLSA

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

41. Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

42. Due to Defendant's conduct in failing to pay overtime wages and premium wages in pay periods ending on or about March 31 and June 30, 2016, there remain due and unpaid overtime wages, in amounts to be determined, but not less than $199.41.

43. Plaintiff seeks damages in the form of overtime wages and overtime premium wages for pay periods ending on or about March 31 and June 30, 2016, estimated to be $199.41. In addition, Plaintiff seeks liquidated damages under the FLSA in a matching amount; plus pre-judgment and post-judgment interest on all damage amounts; costs and attorney fees under the FLSA. 29 USC § 216(b).

## CLAIM FOR RELIEF

(Oregon Overtime Wages, Civil Penalty)

44. Plaintiff re-alleges all paragraphs as though fully alleged herein.

45. During the course of Plaintiff's employment, Defendant allowed, suffered, and permitted Plaintiff to work hours, in excess of 40 hours per week.

46. Pursuant to ORS 653.261 and OAR 839-020-0030, Defendant was required to pay Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in excess of 40 hours per week, when those wages were due.

47. Defendant failed and refused to pay Plaintiff for the hours of overtime worked, when those wages were due, and there remains due and unpaid overtime wages, estimated to be approximately $199.41, for pay periods ending March 31 and June 30, 2016.

48. Defendant failed and refused to pay Plaintiff for all overtime hours worked, when those

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

wages were due, and there remains due and unpaid overtime wages in an amount to be determined after discovery, but not less than $199.41.

49. In failing to pay Plaintiff for all overtime hours worked at the rate of 1 ½ times Plaintiff's regular rate of pay, Defendant's actions were willful.

50. In failing to paying Plaintiff's overtime wages for March and June 2016, Defendant was a free agent.

51. In failing to paying Plaintiff's overtime wages for March and June 2016, Defendant determined its own actions.

52. In failing to paying Plaintiff's overtime wages for March and June 2016, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

53. Because of Defendant's failure to pay Plaintiff on payday for the overtime hours worked in pay periods ending on or about March 31 and June 30, 2016, Plaintiff, pursuant to ORS 653.055(1)(b), is entitled to a civil penalty.

54. Plaintiff has been required to bring this action to recover overtime earnings and penalties, and is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to ORS 653.055(4) and ORS 652.200 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

55. Plaintiff seeks overtime wages in an amount of $199.41, plus a civil penalty as provided in ORS 653.055(1)(b) in the amount of $2,460.00 and Plaintiff's costs and disbursements, and attorney fees per ORS 653.055(4) and ORS 652.200.

## CLAIM FOR RELIEF

(Late Payment at Termination Claim)

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

56. Plaintiff re-alleges all paragraphs as though fully alleged herein.

57. Defendant was required to pay all of Plaintiff's wages on the business day after employment ended – March 23, 2017. ORS 652.140.

58. Defendant failed to pay Plaintiff all regular wages from September and December 2016, for approximately 50.01 hours at $10.25 per hour for a total of $512.60 in regular wages, which remain due and owing to Plaintiff.

59. Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

60. In determining what and when to pay Plaintiff's wages at the end of employment, Defendant was a free agent.

61. In determining what and when to pay Plaintiff's wages at the end of employment, Defendant determined its own actions.

62. In determining what and when to pay Plaintiff's wages at the end of employment, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

63. Defendant knew Plaintiff's employment for Defendant had ended.

64. Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

65. Defendant was capable of paying all Plaintiff's wages earned and due at termination.

66. Defendant's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

67. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $2,460.00, pursuant to ORS 652.150, for the continuation

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

of Plaintiff's unpaid final wages for not less than 30 days.

68. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

69. Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages**:

1. Unpaid overtime wages in an amount to be determined, but not less than $199.41.

2. Liquidated damages under the FLSA in a matching amount of unpaid overtime wages.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees under the FLSA. 29 USC § 216(b).

**Upon Plaintiff's claim for relief for failing to pay Oregon overtime wages**:

1. Unpaid overtime wages for an amount to be determined, but not less than $199.41.

2. Civil Penalty per ORS 653.055(1)(b) in the amount of $2,460.00

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Attorney fees, costs, and disbursements, pursuant to ORS 653.055(4) and ORS 652.200.

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1. Unpaid wages in an amount to be determined, but not less than $512.50.

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

2. Penalty wages pursuant to ORS 652.150 in the amount of $2,460.00.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees pursuant to ORS 652.200.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: May 3, 2017.					Schuck Law, LLC


						  /s/ Karen A. Moore
						KAREN A. MOORE, Esquire
						OSB # 040922, WSB # 42476
						(360) 566-9243
						Attorney for Plaintiff